IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT ANTHONY MELTON. | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 2:19-CV- |
| | ] |
| HOUSER SHOES, INC., a/k/a | ] |
| and d/b/a HOUSER SHOES OF | ] |
| KINGSPORT, LLC., and HOUSER | ] |
| SHOES OF KINGSPORT, LLC, | ] |
| | ] |
| Defendants. | ] |

**COMPLAINT**

Plaintiff Anthony Melton files his federal law and state law employment discrimination claims and ERISA discrimination claims against the defendant(s) and for cause of action avers:

1. This Court has the authority to hear the plaintiff's federal law age discrimination, disability discrimination, and ERISA discrimination/interference claims by virtue of its federal question jurisdiction codified at *28 U.S.C.* §1331. This Court has authority to hear the plaintiff's state law employment claims of age discrimination and disability discrimination against the defendant Houser Shoes, Inc. pursuant

1

to its diversity of citizenship jurisdiction codified at *28 U.S.C. §1332*. The Court also has authority to hear the plaintiff's state law employment discrimination claims by virtue of its pendant or supplemental jurisdiction

    2. The plaintiff's federal age discrimination claims are premised upon the provisions of the Age Discrimination in Employment Act (ADEA), codified at *29 U.S.C. §623* and *§626*. The plaintiff's federal disability discrimination claims are premised upon the Americans With Disabilities Act (ADA), as amended, and codified at *42 U.S.C. §12102, §12111, §12112,* and *§12117* and *42 U.S.C. §1981a*. The plaintiff's claims for equitable relief because of the defendant's federal ERISA-discrimination and interference with the plaintiff's participation in its employee benefit plan benefit are premised upon the provisions of *29 U.S.C. §1140* and *29 U.S.C. §1132*.

    3. The plaintiff's Tennessee state law claims for age discrimination in employment against the defendant for its discharging him because of his age are based upon the provisions of the *Tennessee Human Rights Act* codified at *T.C.A. §4-21-401* and *T.C.A. §4-21-311*. The plaintiff's state law claims against the defendant for discharging him because of his disabilities is premised upon the provisions of the *Tennessee Disability Act* codified at *T.C.A. §8-50-103* and *T.C.A. §4-21-311*.

2
Case 2:19-cv-00038-CLC-CRW   Document 1   Filed 03/14/19   Page 2 of 14   PageID #: 2

3. The plaintiff is a white male, 49-years of age. He is a resident of Kingsport, Sullivan County, Tennessee. At the times pertinent to his complaints of disability discrimination, age discrimination, and ERISA discrimination, the plaintiff was employed by the Houser Shoes. Inc. at its Kingsport, Tennessee retail store as the store's warehouseman. As the plaintiff aged while working at Houser Shoes' Kingsport store, the plaintiff developed the disabilities of congestive heart disease, arthritis, and sight impairment. The plaintiff is a citizen of the state of Tennessee for purposes of this Court's diversity of citizenship jurisdiction.

4. Houser Shoes, Inc., is a North Carolina-based retail shoe store business owned and operated by Gary Houser, President, and son Scott Houser, Vice-President, from their corporate headquarters at 5418 Asheville Highway, Hendersonville, N.C. 28791-9097. Houser Shoes claims that Houser Shoes of Kingsport. LLC, is a separate limited liability company which operates its Kingsport, Tennessee store. The facts demonstrate that Houser Shoes, Inc, is the actual employer of the individuals who work at its various shoe stores.

5. Houser Shoes, Inc. conducts its sales business through each of its retail stores. Houser Shoes paid the employees of each of its stores, including the plaintiff, through its corporate employee payroll account and

maintains an ERISA health insurance plan for the employees at its various stores. The name Houser Shoes, Inc. appeared on each of the plaintiff's paychecks. The defendant's owners, father Gary Houser and son Scott Houser, have consolidated the financial, personnel, and administrative decisions of their corporation's various shoe stores in themselves and operate all of their respective retail shoe stores as a common united enterprise from their company's Hendersonville, N.C. headquarters. The two Housers makes the significant personnel and employment benefit decisions and other management decisions for the company's various individual stores. The Housers move their stores' managerial employees from one shoe store to another and treat each store as if it is a department or division of Houser Shoes, Inc.

6. The defendant is doing business in Kingsport, Tennessee as Houser Shoes of Kingsport, LLC. The defendant Houser Shoes is therefore the unified employer of the plaintiff and all of its other stores' employees. Houser Shoes, Inc. is a citizen of the State of North Carolina for purposes of this Court's diversity of citizenship jurisdiction. The defendant lists the corporate headquarters address for its Kingsport store as the same address as Houser Shoes, Inc. Houser Shoes owns and operate numerous shoe stores in the southeastern United States and employs approximately 150

4

employees. The defendant lists its registered agent for its Kingsport store operation as C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546. The defendant is also being served by certified mail, restricted addressed to President Gary Houser at the defendant's Henderson, N.C. headquarters.

7. Plaintiff Melton began working for Houser Shoes in 2011. His warehouse job was classified by Houser Shoes as a full-time position. During his early employment, the plaintiff was not able to afford his individual contribution toward the cost of the premium for the defendant's employee insurance benefit plan. The plaintiff worked 34 hours or more a week, which was considered "full time" by Houser Shoes.

8. The plaintiff's constant walking on the store's concrete floors aggravated his arthritic knees. The pain increased during 2014 and the plaintiff fell several times. Mr. Melton told Kingsport store Manager James Greer that he needed to take time off to let his knees recover. Greer approved the leave and Houser Shoes paid the plaintiff for six sick days and a week's vacation while he was off work for more than two months.

9. Until early 2015, when he returned from his two plus months of medical-related leave, the plaintiff had been receiving a monthly bonus check like all other full-time employees. When the bonus check did not

arrive, the plaintiff asked Manager Greer about it. Greer was unaware of the situation and telephoned the company's North Carolina office. The defendant's HR manager told Manager Greer that the plaintiff had been classified as a "part-time employee" when he returned to work even though he was working "full-time hours" each week. That was the first time the plaintiff had heard that he had effectively been "demoted."

10. Manager Greer knew that the plaintiff was working a full time schedule and was now being discriminatorily excluded from Houser Shoes's employee health insurance benefit plan. Manager Greer asked the Housers to properly classify the plaintiff as a full time employee and provide him with the opportunity to participate in the company's employee health insurance benefit plan.

11. Manager Greer later told the plaintiff that he had talked with Scott Houser but that the company would not make him "full-time." Houser Shoes continued to discriminate against the plaintiff because of his age and his disability.

12. The Housers relocated James Greer to the defendant's Lexington, Kentucky shoe store in February 2015, and placed a younger manager named Brian Davis in charge of its Kingsport store. The plaintiff asked store Manager Brian Davis about obtaining the company's health

insurance benefits. Davis told the plaintiff that the Housers had announced that the "back" position, or warehouse position, was considered only "part-time" work by the defendant so that the plaintiff was not eligible for the defendant's health insurance benefit plan. Since the plaintiff had no health insurance, he could not obtain medical treatment for his now severe arthritis.

13. During this same time frame, recently installed store manager Brian Davis announced that he wanted rid of the older people who had been working at the Kingsport store when he arrived.

14. While he was managing the defendant's Lexington, Kentucky shoe store, Manager Greer again asked owner Scott Houser to make Mr. Melton a full time employee so he could participate in the company's health insurance plan. Managing agent Scott Houser replied that Houser Shoes would not make Melton full-time because of his leg problems, heart condition, and health problems.

15. During early 2018, Mr. Melton became nearly blind with cataracts. A doctor advised him that he should not drive and that he might be eligible for charitable eye surgery. Manager Davis told the plaintiff to take time off to get his eyes fixed.

16. Plaintiff Melton told Manager Davis again that he needed

7

health insurance in order to get the required eye surgery. Houser Shoes continued to mis-classify the plaintiff as a part-time employee and refused to afford him access to the company's health insurance benefit plan because of his age and because of his disabilities and perceived disabilities.

17. By late-March 2018, the plaintiff was finally able to arrange for charitable cataract surgery. On March 19, 2018, the plaintiff told Manager Davis he was going to have the cataract surgery in April, would have to be off for three weeks, and would come back to work thereafter. Upon being advised of the plaintiff's impending absence to undergo cataract surgery, Davis and the Housers hired a 19-year old young man to take the plaintiff's place. Manager Davis told the plaintiff that he expected him to train the younger man in the warehouse duties.

18. The next day, March 20, 2018, the plaintiff met his younger replacement who had the first name of Hunter. Hunter told the plaintiff that he had been hired as a "full time" employee in the back, would be working 34-35 hours per week, and was receiving health insurance benefits. The plaintiff remarked how surprised he was to hear that since he had been trying to be made "full time" and receive insurance benefits for years.

19. Hunter said he was sorry, that he hadn't intended to get in the middle of anything, and that he had been told by Davis that the plaintiff

was leaving that day. Again surprised, the plaintiff responded that he thought he was supposed to train Hunter for two weeks.

20. At the end of the work day, Manager Davis announced to plaintiff Melton that since it was the end of the pay period the plaintiff should "just go ahead and quit now." When the plaintiff replied that he was supposed to train Hunter and still had bills to pay, Davis commented that he and the assistant manager would train Hunter and that the plaintiff should go on and leave.

21. Defendant Houser Shoes, Inc. has discriminated against the plaintiff because of his age and because its owners and managers have regarded the plaintiff as having a disability and because the plaintiff has disabilities which adversely affect his major life functions. For years, the Houser's refused to classify the plaintiff as a full time employee even though he worked a "full-time" employee schedule because the Housers wanted to avoid affording the plaintiff access to and participation in the defendant's ERISA health insurance benefit plan.

22. In furtherance of their age discrimination, disability discrimination, and ERISA discrimination/interference the Housers and their company discharged the plaintiff and replaced him with a nineteen-year-old healthy male when the plaintiff announced that he was going to take several

9

weeks off work to have charitable cataract surgery to remedy his blindness, Additional evidence of the Houser's ADEA, ADA, and ERISA discrimination is their classifying the younger male replacement as a "full time" employee and giving him the employee health insurance benefits which they had been discriminatorily denying the plaintiff.

23. The defendant's continuing pattern of age discrimination and disability discrimination was deliberate, malicious, willful, in bad faith, and in reckless disregard of the plaintiff's protected federal and state law rights. As a result of the defendant's employment discrimination, the plaintiff has sustained lost wages and will continue to lose wages in the future. He has have suffered humiliation, embarrassment, and emotional distress as a result of the defendant's pattern of continuing employment discrimination. His enjoyment of life has been diminished and his earning capacity has been impaired.

23. The same willful discrimination by the defendant which violated Title VII and the ADA and ERISA, also violated the age discrimination prohibitions of the Tennessee Human Rights Act at *T.C.A. §4-21-401* and the disability discrimination prohibitions of the Tennessee Disability Act at *T.C.A. §8-50-103*. The plaintiff is entitled to awards of compensatory damages against the defendant for its state law employment

discrimination. The plaintiff is also entitled to an award of lost wages and lost benefits under state law and to an award of front pay.

24. The plaintiff had to suffer physical pain and anguish because he could not afford medical treatment which the Houser's discriminatorily withheld from him by deliberately mis-classifying him as a "part-time employee" and thus "not eligible" for the defendant's ERISA health insurance benefits because of his advancing age and disabilities. The plaintiff has lost those medical insurance benefits to which he was legally entitled during his employment with Houser Shoes.

25. The defendant's pattern of age discrimination, disability discrimination, and ERISA discrimination has been willful, malicious, and deliberate and in reckless disregard for his federally protected rights. Additionally, the defendant discharged the plaintiff in significant part to deliberately interfere with his federally protected right to participate in, and obtain the benefits of, the defendant's ERISA employee health insurance benefit plan.

26. The plaintiff is therefore entitled to compensatory money and lost benefit damages from the defendant under the ADEA and to an award of liquidated damages from the defendant under the ADEA. The plaintiff is entitled to an award of compensatory damages and an award of punitive

damages from the defendant under the ADA. He is entitled to awards of lost wages and benefits under the ADEA and ADA. The plaintiff is entitled to equitable relief from the defendant for its ERISA discrimination in the form of lost wages, medical benefits, and an award of front pay. The plaintiff is also entitled to the equitable relief of reinstatement or to an award of front pay from the defendant under the ADEA and the ADA.

28. The plaintiff has filed charges of ADA and ADEA discrimination against the defendant with the EEOC and has exhausted his administrative remedies. The plaintiff filed his charges during the time period the EEOC was shuttered because of the government shutdown. He has requested his right-to-sue letter. The plaintiff filing this civil action in order to comply with the Tennessee one-year statute of limitations for his state law employment discrimination claims and the one-year statue of limitations for his ERISA discrimination and interference claims.

WHERE FOR THE PLAINTIFF DEMANDS:

1. Judgment against the defendant for compensatory damages for the defendant's state law age discrimination in the amount of $1,000,000.00.

2, Judgment against the defendant for compensatory damages for

the defendant's disability discrimination in the amount of $1,000,000.00.

3. Judgment against the defendant for all compensatory damages permitted by the ADA and *42 U.S.C. §1981a* for the defendant's disability discrimination.

4. Judgment against the defendant for all punitive damages permitted by the ADA and *42 U.S.C. §1981a* for the defendant's malicious and willful disability discrimination.

5. Judgment against the defendant for all money damages permitted by the ADEA for the defendant's age discrimination.

6. Judgment against the defendant for all liquidated damages permitted by the ADEA for the defendant's willful age discrimination.

7. An award of lost wages and lost benefits under each federal and state employment discrimination statute alleged above.

8. An award of front pay to the plaintiff under each federal and state employment discrimination statute alleged above.

9. A jury to try the plaintiff's legal claims.

10. An award of equitable relief to the plaintiff in the form of lost wages, lost medical benefits, medical expenses, and front pay for the defendant's ERISA discrimination and interference with the plaintiff's ERISA rights to participate in and obtain benefits under the defendant's employee

medical insurance benefit plan.

11. An award of attorney's fees as the prevailing party as provided by each federal and state employment discrimination statute alleged above.

12. Such other relief as will make the plaintiff whole.

Respectfully Submitted,

s/ C. R. DeVault, Jr.
CHARLTON R. DEVAULT, JR.
TN BPR #000428
102 Broad Street
Kingsport, TN 37660
(423) 246-3601

ATTORNEY FOR THE PLAINTIFF

14
Case 2:19-cv-00038-CLC-CRW  Document 1  Filed 03/14/19  Page 14 of 14  PageID #: 14